## STATE v. BENDER.

Court of Quarter Sessions.   December, 1793.

*Bayard's Notebook, 34.*\*

*Ridgely,* Attorney General for the State, argued that the case of *Collins and Hall* was not like the present, because it was between *two* white persons.   This witness on the principles of the common law is admissible, which do not discriminate as to colors or religion.   The Act of Assembly gives the same rights of redress to Negroes as to whites.   In cases like the present there are two modes:   (1) civil action; (2) indictment.   The means of obtaining redress must likewise be given.   The necessity of the case will sometimes render evidence competent which otherwise would not be good.   In a suit against a common carrier plaintiff was admitted as a witness to prove the things put into the box, *ex necessitate.*   12 Vin.Abr. 24 folio 34, 25 folio 38.   The assault and battery in this case was committed when no third person was present.   In all cases of this kind, if the Negro be not admitted, there can be no proof and, of consequence, the offense will pass with impunity.

*Fisher,* in reply.   A positive law should not yield to the argument of convenience.   If Negroes be admitted against whites, there is great danger of subornation of perjury.   The cases from Vin.Abr. do not apply, they are grounded on the principles of common law; the present question arises from the Act of Assembly, and the decision of the Supreme Court is in point.

---

\* This case is also reported in *Clayton's Notebook, 2; Miller's Notebook, 33; Read's Notebook, 12; Wilson's Red Book, 11.*

BASSETT, C. J. The Court have found themselves under some embarrassment as to the question before them and could have wished for more time to consider the subject. It is the opinion of a majority of the Court that the witness is admissible, her credit to be left to the jury. At common law the witness would be competent; the objection arises from the Act of Assembly. The whole Act must be taken together. The first part of the 8th section says "that no slave manumitted agreeably to the laws of the State, or made free in consequence of this Act or the issue of any such slave shall give evidence against any white person etc." The latter part of the section gives to them the same rights which belong to white freemen "to hold property and to obtain redress in law and equity for any injury to their person or property." The latter part controls or qualifies the former. Negroes are allowed the same redress for injuries to their persons as whites. Indictment is one mode of redress for an injury to the person, principally useful where the party injured is the only witness of the fact necessary to be proved. The Act giving to Negroes this right of redress must be construed to allow the means absolutely necessary to obtain the redress. We still allow sufficient operation to the first part of the section for we do not mean to say that a Negro is a witness between two whites, nor in cases like the present when other proof can be procured, but only in the case where justice must otherwise fail.

RODNEY, J., concurring. McDONOUGH, J., dissenting.

PER CURIAM. Witness admitted.